J. Wesley Cupp, Los Angeles, Cal., for plaintiffs.

Stephen S. Townsend, San Francisco, Cal., for defendants.

**PHOTOCHART et al. v. PHOTO PATROL, Inc., et al.**

No. 27657–G.

United States District Court
N. D. California, S. D.

Nov. 29, 1949.

GOODMAN, District Judge.

The three issues to be resolved in this cause are:

1. Is plaintiffs' method patent No. 2,-382,617 (as reissued #22,881) [1] valid?

2. Did defendants' activities culminating in the photographing of horse race finishes at Golden Gate Fields, California,

1. The patent in suit was issued to plaintiff Del Riccio. Plaintiff Photochart is a licensee of Del Riccio.

in the autumn of 1947 amount to infringement of plaintiffs' patent?

3. Did these activities constitute unfair competition?

■ 1. The Court holds the patent to be invalid. The use of slit photography to determine the speed of moving objects passing a given line was disclosed by foreign patents in the 1920's. To put slit photography to the related use of determining the order in which objects pass a given line does not, in my opinion, constitute invention. The precise method of focusing the slit camera to adapt it to such use should be readily discernible to an operator reasonably skilled in this field.

■ 2. No unfair competition has been established. Defendant Oswald was employed by plaintiff Photochart to perform routine duties for only a brief period of time. At this time, plaintiffs' method of photographing the finish of horse races had been fully disclosed in patent applications. Indeed no attempt had been made to keep the method secret; it had, in fact, been publicized in the press. The evidence does not disclose that defendant Oswald was guilty of a breach of trust. Nor had he made use of any information given in confidence to take an unfair advantage of plaintiffs. Plaintiffs' charge that defendant American Teletimer Corporation utilized information obtained from a former employee of plaintiff Del Riccio, to compete unfairly with the plaintiffs, is not sustained in the record.

■ 3. Plaintiffs also failed to show infringement of the method patent. To insure that no horse will be photographed until it reaches the finish line, plaintiffs' method requires that both the optical axis of the camera lens and one edge of the slit in the camera be aligned with the finish line of the track. The testimony at the trial was that defendant Oswald attempted to achieve this result merely by aligning the edge of the slit and the finish line, without ascertaining whether or not the optical axis was also in line. Ordinarily infringement cannot be avoided by imperfectly practicing a method. Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 50 S.Ct. 9, 74 L.Ed. 147; Kansas City Southern Ry. Co. et al. v. Silica Products Co., 8 Cir., 1931, 48 F.2d 503; Vegetable Oil products Co. v. Dorwood, D.C.N.D. Cal.1943, 53 F.Supp. 281. But absolute accuracy is the essence of plaintiffs' method. An inaccurate photograph of the finish of a race is worse than worthless. If proper alignment of the optical axis is a step essential to insure an accurate photograph (and plaintiffs have not shown that it is not) then the defendant Oswald has not infringed. The defendant American Teletimer Corporation has not directly practiced the method. Nor, so far as the evidence indicates, has it induced anyone else to do so.

Judgment will enter for defendants upon Findings to be presented pursuant to the Rules.